CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 8 2016

JULIA C. ROOLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM PELLETIER, | ) | Civil Action No. 7:15-cv-00427 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States District Judge |

Adam Pelletier, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions entered by the Circuit Court for Louisa County for rape; capital murder during the commission of or subsequent to rape; using a firearm during the commission of murder; and possession of a firearm by a convicted felon.

Court records indicate that this court dismissed Petitioner's previously-filed § 2254 petition about the same convictions on May 8, 2007, with prejudice. Pelletier v. Robinson, No. 7:06-cv-00582, 2007 U.S. Dist. LEXIS 33743, at *38, 2007 WL 1378520, at *12 (W.D. Va. May 8, 2007). A numerically second § 2254 petition should not be considered second or successive pursuant to 28 U.S.C. § 2244(b) if the facts relied on by the petitioner in the subsequent petition did not exist when the numerically first petition was filed and adjudicated. United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014); see Panetti v. Quarterman, 551 U.S. 930, 942-47 (2007) (holding that a numerically second § 2254 habeas petition is not governed by the strictures of § 2244(b)(2) on second or successive petitions where the claim was not ripe at the time of the initial petition); see also In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (discussing interchangeable interpretations of 28 U.S.C. § 2244(b) and § 2255(h)).

Petitioner presents four claims in the instant petition, the last three of which he argues are newly discovered. Petitioner first alleges that the prosecutor committed fraud upon the trial court when arguing for the admissibility of a bloodhound's "trail evidence." Next, Petitioner alleges trial counsel rendered ineffective assistance by: not doing something about a newspaper reporter's story published in 2002 that purportedly summarized incriminating evidence incorrectly; not challenging the chain of custody of DNA evidence; and not challenging a Commonwealth witness' testimony about Petitioner drunkenly explaining how he pistol whipped, raped, and murdered the victim. Petitioner cannot show that these facts did not exist when he filed his prior federal habeas petition. Petitioner relies upon matters of record from his trial or matters of public record that existed around the time of his trial in 2002. Consequently, the instant petition is successive in accordance with 28 U.S.C. § 2244(b). Cf. Schlup v. Delo, 513 U.S. 298, 327 (1995).

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only upon specific certification from a United States Court of Appeals that claims in the subsequent petition meet certain criteria. 28 U.S.C. § 2244(b). Petitioner does not establish that the instant petition is not successive or that he has obtained certification from the Fourth Circuit Court of Appeals. Accordingly, the court grants Respondent's motion to dismiss and dismisses the petition without prejudice as successive. Based upon the finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

/s/ Michael F. Urbanski

_____
United States District Judge

2      04-18-2016